IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**MARTIN PFEIFFER**
Scholar, National Security Studies Program
Graduate Assistant and PhD Candidate
Department of Anthropology
University of New Mexico
1522 Tijeras Ave NE, Apt #10
Albuquerque, NM 87106,

          Plaintiff,

v.

**U.S. DEPARTMENT OF ENERGY**
1000 Independence Avenue SW
Washing, DC 20585-1615,

          Defendant.

Civil Action No. _____

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff, Martin Pfeiffer, brings this action for declaratory and injunctive relief, alleging as follows:

**NATURE OF ACTION**

1. This is an action for violation of plaintiff's rights under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as amended by the Freedom of Information Reform Act of 1986 ("FIRA"), the Openness Promotes Effectiveness in our National Government Act of 2007 ("OPEN Government Act"), and the FOIA Improvement Act of 2016, against the U.S. Department of Energy ("DOE"). This is also an action pursuit to the Declaratory Judgment Act, 28 U.S.C. § 2201, against DOE.

2. Under the FOIA, whenever an "educational institution" or a "representative of the news media" requests records from a federal agency, the disclosing agency may not impose upon the

requester the costs of searching for and reviewing the records it releases, so long as the request is not made for a commercial use. *See* 5 U.S.C. § 552(a)(4)(A)(ii). An agency may charge an "educational institution" or a "representative of the news media" only reasonable standard charges for document duplication. *Id*.

3. DOE has denied plaintiff's rights, as a requester acting as a member of an "educational institution" and as a "representative of the news media," not to be charged search or review fees (other than duplication fees) in connection with plaintiff's FOIA requests to the National Nuclear Security Administration ("NNSA"), a component of DOE, for agency records. Rather than recognizing plaintiff as an "educational" and "news media" requester, NNSA and DOE have illegally determined that plaintiff should be classified as a "commercial" requester, liable for payment of search, review, and duplication fees associated with his FOIA requests.

4. Through this action, plaintiff seeks a judgment: (1) declaring that plaintiff, when submitting FOIA requests, is entitled to preferential status as an "educational institution" and as a "representative of the news media" for purposes of assessing FOIA processing fees; (2) declaring that plaintiff is not a "commercial" requester for purposes of assessing FOIA processing fees when submitting such FOIA requests; (3) declaring that NNSA's and DOE's contrary determinations violate the FOIA; and (4) enjoining NNSA and DOE to treat plaintiff as an "educational institution" and as a "representative of the news media" for outstanding requests.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 2201, 5 U.S.C. § 552(a)(4)(B), and 5 U.S.C. § 702.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 and 5 U.S.C. § 552(a)(4)(B).

## PARTIES

7. Plaintiff Martin Pfeiffer is a sixth year student and PhD Candidate enrolled at the University of New Mexico. Mr. Pfeiffer is completing his PhD in the field of Anthropology. His dissertation research focuses on, but extends beyond, nuclear semiotics across time and locations, nuclear weapon history, the social effects of information management, and social processes of meaning making and circulation at official nuclear weapon heritage sites. Plaintiff also works as a freelance journalist and researcher.

8. Defendant DOE is a department of the Executive Branch of the United States Government and includes as a component NNSA. DOE is an "agency" within the meaning of 5 U.S.C. § 552(f).

## BACKGROUND

### Statutory and Regulatory Framework

9. The FOIA authorizes federal agencies to charge a FOIA requester fees sufficient to recover certain costs of processing the FOIA request. *See* 5 U.S.C. § 552(a)(4)(A).

10. The FOIA requires that fees be limited to "reasonable standard charges for document duplication" when information is requested for non-commercial use and the request is made by an educational or noncommercial scientific institution or a representative of the news media. 5 U.S.C. § 552(a)(4)(A)(ii).

11. Federal agencies can create their own regulations specifying the schedule of such processing fees and establishing guidelines for determining when those fees should be waived or reduced. *See* 5 U.S.C. § 552(a)(4)(A)(i). DOE most recently amended its FOIA regulations in December 2016. 81 FR 94915. These amendments updated DOE's definition of a "representative of the news media" to mirror the FOIA definition of the term. *Id.*

12. In January 2020, when Mr. Pfeiffer submitted the requests at issue, DOE's FOIA guidelines defined an educational or noncommercial scientific institution to include "an institution

of graduate higher education...which operates a program or programs of scholarly research." 10 C.F.R. § 1004.2. To be considered a representative of an educational institution, a requester must merely show that "the request is authorized by and is made under the auspices of a qualifying institution and that the records are not sought for a commercial use but are sought to further scholarly research." *Id.*

13. In January 2020, when Mr. Pfeiffer submitted the requests at issue, DOE's FOIA regulations defined "representative of the news media" as "any person or entity that gathers information of potential interest to a segment of the public, uses its editorial skills to turn the raw materials into a distinct work, and distributes that work to an audience". *Id.*

14. In January 2020, when Mr. Pfeiffer submitted the requests at issue, DOE's FOIA guidelines defined a commercial use request as a request "from or on behalf of one who seeks information for use or purpose that furthers the commercial, trade, or profit interests of the requester or the person on whose behalf the request is made." *Id.*

15. According to DOE regulations, DOE will charge educational and non-commercial scientific institution requesters and representatives of the news media only for the cost of physical duplication, excluding the first 100 pages of requested records. 10 C.F.R. § 1004.9(b)(2-3).

16. DOE will charge commercial requesters for the time spent manually searching for records, computer searching for records, reviewing records, duplicating records, and other additional fees. 10 C.F.R. § 1004.9(b)(1).

## Plaintiff's Educational and News Media Activities

17. Martin Pfeiffer is a PhD candidate and graduate assistant at the University of New Mexico. He is currently conducting research and writing his dissertation on nuclear semiotics, information management and secrecy, and official nuclear weapon heritage and history.

18. While completing his PhD, Mr. Pfeiffer has received numerous educational grants from the University of New Mexico's Anthropology Department and National Security Studies Program.

Mr. Pfeiffer has also completed multiple conference papers about his work for events such as the American Anthropological Association's Annual Conference and the Society for Applied Anthropology's Annual Meeting. Finally, Mr. Pfeiffer has appeared at speaking events hosted by organizations like the Los Alamos Historical Society at Fuller Lodge, the New Mexico Museum of History, and the James Martin Center for Nonproliferation Studies at the Middlebury Institute for International Studies.

19.  When Mr. Pfeiffer submitted his initial records requests in January of 2020, he included a letter from his supervising professor and his *curriculum vitae* to show that his request was authorized by a qualifying educational institution.

20.  Mr. Pfeiffer also works as a freelance journalist and researcher. Mr. Pfeiffer disseminates information on semiotics and nuclear heritage through four websites that he administers. The first is the public and freely accessible *Pfeiffer Nuclear Weapon and National Security Archive* (the "Archive"). In the Archive, Mr. Pfeiffer curates information on nuclear weapons heritage that he has received through FOIA requests and shares it publicly as a resource for others interested in or doing scholarly work on nuclear weapon topics. In addition, the Archive acts as a collection of sources and documents that Mr. Pfeiffer makes available to support his analysis and reporting. These documents include, among others, records released to Mr. Pfeiffer through FOIA requests, scans of records from the University of New Mexico and government agency FOIA reading rooms, Mr. Pfeiffer's photos from heritage sites, writings, and audio files. Mr. Pfeiffer has been posting records on the Archive since the beginning of 2019.

21.  The second website Mr. Pfeiffer uses to disseminate information is Patreon. Patreon is a platform through which the supporters of artists, writers, journalists, and other creators can donate to an individual's work. Mr. Pfeiffer's Patreon contains numerous materials, ranging from posts providing his extended analysis of meaning-making practices at sites of nuclear weapons heritages

to posts that discuss his experiences teaching an introduction to anthropology class. Supporters, or "patrons," can choose to contribute to Mr. Pfeiffer's Patreon with as little as two dollars a month. Any documents obtained through the FOIA that Mr. Pfeiffer makes available on Patreon are also made available, for free, through the Archive. Currently, no unedited records released personally to Mr. Pfeiffer by the NNSA through the FOIA process are hosted on Mr. Pfeiffer's Patreon. Mr. Pfeiffer has been posting on Patreon since May of 2016.

22. The third website Mr. Pfeiffer uses to disseminate information is Twitter. Twitter is a microblogging and social network platform where an individual can post short, 240-character messages called tweets. As Mr. Pfeiffer's Twitter is public, his tweets are publicly accessible to anyone on the Twitter platform or anyone who has a link to one of his tweets. Mr. Pfeiffer has approximately 17,000 Twitter followers with whom he freely and publicly shares a multitude of information, including, but not limited to, information on semiotics and nuclear heritage. Mr. Pfeiffer has been disseminating information on Twitter since 2016 and has authored approximately 220,000 tweets.

23. The fourth website Mr. Pfeiffer uses to disseminate information is his blog, Deus Ex Atomica. Mr. Pfeiffer uses his blog as a venue to discuss his research. Mr. Pfeiffer's blog includes, among other things, analysis of information received through the FOIA process.

24. Beyond the four websites that he personally curates, Mr. Pfeiffer's writing has appeared in news media outlets such as GQ UK, Deep Sea Mining Observer, and The Outrider Foundation. Mr. Pfeiffer has also appeared on numerous podcasts, including Defense One Radio, Lions Led by Donkeys, and the War College Podcast with Jason Fields and Matthew Gault. Mr. Pfeiffer regularly receives requests to write for or appear on news outlets to discuss nuclear heritage, nuclear semiotics, and current events.

## DOE AND NNSA'S UNLAWFUL REFUSAL TO ACCORD EDUCATIONAL OR NEWS MEDIA STATUS TO PLAINTIFF

25. Between January 28 and February 10, 2020, Mr. Pfeiffer sent five records requests to the National Nuclear Security Administration. The requested records ranged from materials on the Nevada National Security Site mascot to information on the Federal Employee Viewpoint Survey conducted at NNSA. In each of these requests, Mr. Pfeiffer requested that he be classified as an educational requester and/or a representative of the news media as he sought the materials to further his PhD studies and would be disseminating the records to the public. Mr. Pfeiffer has been accorded these statuses in the past on similar grounds by the NNSA.

26. Between February 7 and February 13, 2020, the NNSA responded to each of the five requests and asked that Mr. Pfeiffer further specify his plans for the use of the requested records. The NNSA specifically asked that Mr. Pfeiffer provide a list of websites where he planned to share the records, including whether and how much Mr. Pfeiffer would charge for access to the websites. Mr. Pfeiffer was given seven days to respond.

27. Mr. Pfeiffer was able to gather all the requested information and meet the seven-day deadline. Between February 14 and February 20, 2020, he provided the NNSA with a list of websites on which he planned to share the requested records. Mr. Pfeiffer's response noted that all the requested records would be posted on the Archive.

28. Mr. Pfeiffer further stated in his response that he may publish some of the records on Patreon. Mr. Pfeiffer made it abundantly clear that any documents he obtained through the FOIA that he made available on Patreon would also be made available, for free, on the Archive.

29. One month after Mr. Pfeiffer provided the requested information, the NNSA denied Mr. Pfeiffer's request to be categorized as an educational institution and/or news media representative. In its decision, the NNSA stated that his use of the requested records would be for profit. Specifically, the NNSA noted that as Mr. Pfeiffer's supporters give money through his Patreon, Mr.

Pfeiffer has a commercial interest in the records. The NNSA did not address the fact that the same information available on Mr. Pfeiffer's Patreon is also available for free on the Archive.

30. Mr. Pfeiffer appealed this decision on May 15, 2020. In his appeal, Mr. Pfeiffer noted that his principal use for the requested records is to further his scholarly work. Additionally, the appeal noted that, as Mr. Pfeiffer gathers information on nuclear history, edits it, and shares it with the public, he is also entitled to classification as a representative of the news media. In his appeal, Mr. Pfeiffer again clarified that all records he receives through the FOIA process are freely available on the Archive. The appeal explained, once again, that individuals choosing to donate to Mr. Pfeiffer's Patreon, which houses numerous works beyond information requested through the FOIA process, does not, on its own, qualify him as a commercial requester.

31. DOE denied Mr. Pfeiffer's appeal on June 4, 2020. In its denial, the DOE claimed that Mr. Pfeiffer's request for records that discuss, among other things, the public education efforts at a National Security Site, do not relate to Mr. Pfeiffer's dissertation on public interaction with nuclear heritage sites. The DOE further claimed that Mr. Pfeiffer was not a news media representative, as the sites through which Mr. Pfeiffer shares information on nuclear heritage are not sufficiently curated.

32. In its denial of Mr. Pfeiffer's appeal, DOE stated that its decision was final and that Mr. Pfeiffer may seek judicial review in the state in which he resides, the state in the which the agency's records are situated, or in the District of Columbia.

**PLAINTIFF'S CLAIM FOR RELIEF**

**Violations of the Freedom of Information Act (5 U.S.C. § 552)**

33. Plaintiff re-alleges and incorporates the allegations set forth in paragraphs 1 - 32 as if set forth fully herein.

34. On the basis of the facts alleged above and for such further reasons as plaintiff may prove in this action, plaintiff alleges that he qualifies as an "educational" requester and a representative of the news media and may not be charged search and review fees under the FOIA, and that NNSA and defendant DOE violated and continue to violate the FOIA, 5 U.S.C. § 552, by assessing search and review fees against him.

35. Plaintiff further alleges that he regularly and frequently requests information from NNSA under the FOIA, that NNSA's and defendant DOE's failure to treat plaintiff as a news media and educational requester, and to instead classify plaintiff as a commercial requester, constitutes a continuing barrier to plaintiff's right of access to information under the FOIA.

36. Plaintiff further alleges that, based on their unlawful and erroneous failure to treat plaintiff as an educational institution or representative of the news media, and to instead classify plaintiff as a commercial requester, NNSA and defendant DOE have unlawfully refused to process plaintiff's requests for records or to disclose requested records unless and until plaintiff agrees to pay all assessed fees, including fees for record search and review.

37. Plaintiff further alleges that NNSA's and defendant DOE's refusal to process plaintiff's FOIA requests until plaintiff agrees to pay search and review fees constitutes a wrongful withholding of the requested agency records, in violation of the FOIA.

38. Plaintiff has exhausted all available administrative remedies with respect to his requester status.

39. To the extent NNSA or defendant DOE's actions were or are purportedly authorized or compelled by regulations defendant DOE promulgated pursuant to the FOIA, such regulations are unlawful under the FOIA, and should therefore be declared to be invalid.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays for relief and a judgment against defendant, as follows:

(1) declaring that plaintiff qualifies as news media and educational requester for purposes of assessing processing fees associated with plaintiffs' FOIA requests submitted to NNSA;

(2) enjoining and ordering NNSA and defendant DOE to treat plaintiff as a news media and educational requester when plaintiff submits requests; and to refrain from requiring plaintiff to pay fees other than duplication fees as a condition of processing plaintiff's FOIA requests;

(3) enjoining and ordering NNSA to process immediately the agency records that plaintiff requested and to accord the request the place in the processing queue that it would have had but for NNSA's improper refusal to recognize plaintiff as a news media and educational requester;

(4) retaining jurisdiction of this matter until NNSA and defendant DOE have fulfilled all of their statutory, regulatory, and Court-ordered obligations;

(5) awarding plaintiff, as appropriate, his costs and reasonable attorneys' fees incurred in this action; and

(6) granting plaintiff such other and further relief as this Court deems just and proper.

Respectfully submitted,

 */s/ David L. Sobel*
DAVID L. SOBEL
D.C. Bar No. 360418

5335 Wisconsin Avenue, N.W.
Suite 640
Washington, D.C. 20015-2052
(202) 246-6180
sobel@att.net

      */s/ Mason A. Kortz*
MASON A. KORTZ
(Admitted in Massachusetts)

1585 Massachusetts Avenue
Suite 5018
Cambridge, MA 02138
(617) 495-2845
mkortz@law.harvard.edu

Counsel for Plaintiff