**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MARTIN PFEIFFER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No. 20-2924 (RBW) |
| | ) |
| UNITED STATES DEPARTMENT | ) |
| OF ENERGY, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**<u>MEMORANDUM OPINION</u>**

The plaintiff, Martin Pfeiffer, brings this civil action against the defendant, the United

States Department of Energy ("the Department"), alleging a violation under the Freedom of

Information Act ("FOIA"), 5 U.S.C. § 552.  <u>See</u> Complaint ("Compl.") ¶ 1.  Currently pending

before the Court are (1) the Defendant's Motion for Summary Judgment (the "Department's

motion" or "Def.'s Mot."), ECF No. 8, and (2) the Plaintiff's Cross-Motion for Summary

Judgment (the "plaintiff's motion" or "Pl.'s Mot."), ECF No. 11.  Upon careful consideration of

the parties' submissions,[1]  the Court concludes for the following reasons that it must deny the

Department's motion and grant in part and deny in part the plaintiff's motion.

---

[1] In addition to the filings already identified, the Court considered the following submissions in rendering its decision: (1) the Defendant's Statement of Material Facts Not in General Dispute ("Def.'s Facts"), ECF No. 8-1; (2) the Memorandum of Points and Authorities in Support of Defendant's Motion for Summary Judgment ("Def.'s Mem."), ECF No. 8-2; (3) the Declaration of Delilah M. Perez in Support of Defendant's Motion for Summary Judgment ("Perez Decl."), ECF No. 8-3; (4) the Memorandum of Points and Authorities in Support of Plaintiff's Combined Opposition to Defendant's Motion for Summary Judgment and Cross-Motion for Summary Judgment ("Pl.'s Mem."), ECF No. 10; (5) the Plaintiff's Combined Statement of Material Facts Not in Genuine Dispute and Response to Defendant's Statement of Material Facts Not in Genuine Dispute ("Pl.'s Facts"), ECF No. (10-1); (6) the Declaration of Mason A. Kortz in Support of Plaintiff's Cross-Motion for Summary Judgment ("Kortz Decl."), ECF No. 10-2; (7) the Defendant's Memorandum in Opposition to Plaintiff's Motion for Summary Judgment and Reply in Support of Defendant's Motion for Summary Judgment ("Def.'s Opp'n"), ECF No. 13; (8) the Defendant's Response to Plaintiff's Combined Statement of Material Facts Not in Genuine Dispute and Reply to Defendant's

(continued . . .)

# I.   BACKGROUND

## A.   Statutory Background

Pursuant to the FOIA, agencies are authorized to "promulgate regulations . . . specifying the schedule of fees applicable to the processing of requests . . . and establishing procedures and guidelines for determining when such fees should be waived or reduced."  5 U.S.C. § 552(a)(4)(A)(i).  Such regulations must provide that:

> (I) fees shall be limited to reasonable standard charges for document search, duplication, and review, when records are requested for commercial use;
>
> (II) fees shall be limited to reasonable standard charges for document duplication when records are not sought for commercial use and the request is made by an educational or noncommercial scientific institution, whose purpose is scholarly or scientific research; or a representative of the news media; and
>
> (III) for any request not described in (I) or (II), fees shall be limited to reasonable standard charges for document search and duplication.

Id. §§ 552(a)(4)(A)(ii)(I)–(III).  Accordingly, the FOIA establishes two categories of requesters who need only pay document duplication charges—not charges for document search and review—where those requesters do not seek records for a "commercial use": (1) "educational or noncommercial institution[s]" and (2) "representative[s] of the news media[.]"  Id. § 552(a)(4)(A)(ii)(II).  Requesters that do not fall within at least one of those two categories and do not seek documents for commercial purposes are limited to paying standard charges for the search and duplication of documents.  See id. §§ 552(a)(4)(A)(ii)(I)–(III).

---

(. . . continued)
Statement of Material Facts Not in Genuine Dispute ("Def.'s 2d Facts"), ECF No. 13-1, and (8) the Plaintiff's Reply in Support of Cross-Motion for Summary Judgment ("Pl.'s Reply"), ECF No. 16.

B.      **The Plaintiff's FOIA Requests and Administrative History**

The plaintiff is a PhD anthropology candidate at the University of New Mexico who is

focusing his dissertation research on "nuclear semiotics across time and locations, nuclear

weapon history, the social effects of information management, and social processes of meaning[-

]making and circulation at official nuclear weapon heritage sites[,]" although he represents that

his research "extends beyond" those subject areas.  Compl. ¶ 7.  The plaintiff "regularly and

frequently" submits FOIA requests as part of his research.  See id. ¶ 35.  In addition to his

academic studies, the plaintiff states that he works as a "freelance journalist and researcher[,]"

posting information related to his research on four different websites.  Id. ¶ 20.  The websites that

the plaintiff utilizes include the Pfeiffer Nuclear Weapon and National Security Archive,

Patreon, Twitter, and a blog titled Deus Ex Atomica.  See id.  ¶¶ 20–23.  To access his Patreon[2]

platoform, the plaintiff represents that users can "donate to [his] work[,]" and "can choose to

contribute . . . with as little as two dollars a month."  Id. ¶ 21.

Between January 24, February 3, and February 6, 2020, the plaintiff submitted five FOIA

requests to the National Nuclear Security Administration ("NNSA") for documents concerning:

(1) "the 'Pu Aging report[,]'" Def.'s Facts ¶ 1; see Pl.'s Facts ¶ 1; (2) "the Nevada National

Security Site's (['']NNSS['']) mascot the 'Green Reaper[,]'" Def.'s Facts ¶ 3 (internal quotation

marks omitted); see Pl.'s Facts ¶ 3; (3) "'[NNSS's] educational efforts, programs, and exhibits at

Elementary, Middle, and High Schools in Nevada and other states[,]'" Def.'s Facts ¶ 5; see Pl.'s

Facts ¶ 5; (4) "certain reports from the '2017 Federal Employee Viewpoint Survey[,]'" Def.'s

Facts ¶ 7; see Pl.'s Facts ¶ 7; and (5) "the 'Projects Rumpler, Bayonet, Lek, and Sopwith[,]'"

---

[2] Patreon is a website through which supporters can pay "monthly membership[s]" to creators for "access to
exclusive content, community, and insight into [the creator's] process" on the creator's individual Patreon webpage.
What's Patreon, Patreon, https://www.patreon.com/ (last visited June 17, 2022).

Def.'s Facts ¶ 9; <u>see</u> Pl.'s Facts ¶ 9.  For each request, the "[p]laintiff stated [that] he qualified

for a reduced fee status" for two reasons: (1) "because he is a representative of the news media,"

and (2) "he is a PhD student at the University of New Mexico making requests in furtherance of

his course studies[.]"  Def.'s Facts ¶ 2; <u>see</u> Def.'s Facts ¶¶ 4, 6, 8, 10; Pl.'s Facts ¶¶ 2, 4, 6, 8, 10.

The plaintiff also stated that "he is not making the FOIA request for commercial use."  Def.'s

Facts ¶ 2; <u>see</u> Def.'s Facts ¶¶ 4, 6, 8, 10; Pl.'s Facts ¶¶ 2, 4, 6, 8, 10.

        In response to each request, the NNSA "requested additional information to determine

[the p]laintiff's fee category[,] . . . an explanation regarding the specific use of the information

requested[,] and the online locations where [the p]laintiff w[ould] post the requested

information."  Def.'s Facts ¶ 11; <u>see</u> Def.'s Facts ¶¶ 12–15; Pl.'s Facts ¶¶ 11–15.  In his response

letters, the plaintiff "stated that the requests will (1) aid [him] in the pursuit of his PhD program

and [that the requested documents would] (2) be disseminated to the interested segments of the

public through, but not limited to, [his] freely-accessible online data archive [the p]laintiff's

Twitter account, and [the p]laintiff's Patreon[webpage.]"  Def.'s Facts ¶ 16 (first and second

alterations in original) (internal quotation marks omitted); <u>see</u> <u>Def.'s Facts</u> ¶¶ 17–19; Pl.'s Facts

¶¶ 16–19.  The plaintiff further "stated [that] the requests will inform his dissertation research

but acknowledged that without access to the documents he 'does not have a rational basis to

speculate on the relevance of their content to his PhD dissertation and ongoing research[.]'"

Def.'s Facts ¶ 16; <u>see</u> Def.'s Facts ¶¶ 17–19; Pl.'s Facts ¶¶ 16–19.  The plaintiff also indicated

that he "requested the [ ] documents not only to aid his scholarly pursuits as a PhD candidate, but

also to curate the documents and publish them through his freely accessible online archive."[3]

---

[3] The plaintiff further indicates that his free, publicly accessible online archive is available at https://osf.io/46sfd/.
<u>See</u> Pl.'s Mem. at 26.

E.g. Perez Decl., Exhibit ("Ex.") K (FOIA 20-00071-EW and FOIA 20-0076-EW Response Letter).

The NNSA ultimately denied the "[p]laintiff's request to be categorized as [a] media and/or educational/scientific requester . . . because" the NNSA concluded that the plaintiff was a commercial use requester.  Def.'s Facts ¶ 20; see Def.'s Facts ¶¶ 21–24; Pl.'s Facts ¶¶ 20–24.  The NNSA reached this conclusion because the plaintiff "charges a fee to patrons of his website for viewing or accessing records provided by the agency[.]"  Def.'s Facts ¶ 20; see Def.'s Facts ¶¶ 21–24; Pl.'s Facts ¶¶ 20–24.  On May 15, 2020, the plaintiff appealed the fee categorization determination to the Department's Office of Hearings and Appeals, see Def.'s Facts ¶ 25; Pl.'s Facts ¶ 25, and, on June 4, 2020, the plaintiff's appeal was denied, see Def.'s Facts ¶ 27; Pl.'s Facts ¶ 27.  "In its Decision, the [Office of Hearings and Appeals] found that [the p]laintiff could not be categorized as an educational-institution requester because [the p]laintiff could not articulate how the requested records relate to his scholarly research or coursework."  Def.'s Facts ¶ 28; see Pl.'s Facts ¶ 28.  The Office of Hearings and Appeals concluded that "none of the vehicles [through which the p]laintiff intends to disseminate the information he will receive from the FOIA requests is properly considered a news media outlet under [the] FOIA."  Def.'s Facts ¶ 30; see Pl.'s Facts ¶ 30.  The Office of Hearings and Appeals also found, inter alia, that the "[p]laintiff's [T]witter account [was] personal in nature" because it "contain[ed] cat emojis" and his "posts . . . regarding document[s] received through his FOIA request[s] were also personal in nature."  Def.'s Facts ¶ 31; see Pl.'s Facts ¶ 31.  Moreover, the Office of Hearings and Appeals determined that his "free online archive is not curated . . . [because he] did not apply any editorial skills to create distinct works among the information contained in the archive[,]" Def.'s Facts ¶ 32; see Pl.'s Facts ¶ 32.

**C.      Procedural History**

On October 12, 2020, the plaintiff filed this case, alleging a FOIA violation resulting from the fee waiver denial.  <u>See</u> Compl.  On March 8, 2021, the Department filed its motion for summary judgment, <u>see</u> Def.'s Mot, and, on April 22, 2021, the plaintiff filed his cross-motion for summary judgment, <u>see</u> Pl.'s Mot.  These motions are the subject of this memorandum opinion.

## II.      STANDARD OF REVIEW

"FOIA cases typically are resolved on a motion for summary judgment."  <u>Ortiz v. U.S. Dep't of Just.</u>, 67 F. Supp. 3d 109, 116 (D.D.C. 2014) (internal citation omitted).  The "FOIA requires federal agencies to disclose, upon request, broad classes of agency records unless the records are covered by the statute's exemptions."  <u>Students Against Genocide v. U.S. Dep't of State</u>, 257 F.3d 828, 833 (D.C. Cir. 2001) (citing 5 U.S.C. § 552(a)(3)(A), (b)); <u>see also</u> <u>Wash. Post Co. v. U.S. Dep't of Just.</u>, 863 F.2d 96, 101 (D.C. Cir. 1988) (internal citation omitted) ("[The] FOIA is to be interpreted with a presumption favoring disclosure and exemptions are to be construed narrowly.").  Courts will grant summary judgment to the government in a FOIA case only if the agency can prove "that it has fully discharged its obligations under the FOIA, after the underlying facts and the inferences to be drawn from them are construed in the light most favorable to the FOIA requester."  <u>Friends of Blackwater v. U.S. Dep't of Interior</u>, 391 F. Supp. 2d 115, 119 (D.D.C. 2005) (quoting <u>Greenberg v. U.S. Dep't of Treasury</u>, 10 F. Supp. 2d 3, 11 (D.D.C. 1998)).  However, "the Court may award summary judgment to an agency solely on the basis of information provided in [its] affidavits or declarations" if they "'are not controverted by either contrary evidence in the record nor by evidence of agency bad faith.'"  <u>Thomas v. Fed. Commc'ns Comm'n</u>, 534 F. Supp. 2d 144, 145 (D.D.C. 2008) (quoting <u>Mil.</u>

Audit Project v. Casey, 656 F.2d 724, 738 (D.C. Cir. 1981)).  In resolving a challenge to a FOIA

fee waiver decision, the agency's determinations must be reviewed de novo, with the agency

bearing the burden of justifying its actions.  See 5 U.S.C. § 552(a)(4)(B).  Moreover, "fee-waiver

applications are to be liberally construed in favor of requesters."  Citizens for Resp. & Ethics in

Washington v. U.S. Dep't of Hous. & Urb. Dev., 415 F. Supp. 3d 215 (D.D.C. 2019).  "[A]nd it

is well established that, when determining the scope of the FOIA fee-waiver categories, a court

'must focus foremost on the text of the statute' rather than deferring to the agency's position[.]'"

Liberman v. U.S. Dep't of Transp., 227 F. Supp. 3d 1, 10 (D.D.C. 2016) (quoting Sack v. U.S.

Dep't of Def., 823 F.3d 687, 692 (D.C. Cir. 2016)).

### III.    ANALYSIS

The Department argues that the plaintiff has failed to demonstrate that he should be

categorized as either a non-commercial educational institution requester or a non-commercial

representative of the news media for FOIA purposes.  See Def.'s Mot. at 1.  In response, the

plaintiff argues that "he is entitled to educational institution and news media representative status

under [the] FOIA and was, therefore, incorrectly categorized as a commercial requester[.]"  Pl.'s

Mem. at 1.  The Court begins its analysis by first assessing whether the plaintiff qualifies as an

educational institution requester under the FOIA before analyzing whether his requests are

commercial in nature such that he is prevented from receiving a fee waiver as an educational

institution requester.[4]

### A.    Whether the Plaintiff Qualifies as an Educational Institution Requester

The Department argues that it "properly determined that [the p]laintiff does not qualify as

an educational institution requester[,]" Def.'s Mem. at 6, because he "failed to show that his

---

[4] Because the Court, infra, ultimately concludes that the plaintiff qualifies as an educational institution requester, the Court will not address the question of whether the plaintiff alternatively qualifies as a news media representative.

FOIA requests were submitted to further his PhD coursework or other school-sponsored activities[,]" id. at 7.  In opposition, the plaintiff argues that he qualifies as an educational institution requester because he "is seeking records in relation to completing his PhD, [ ] the [NSSA] has a history of granting [the] plaintiff preferred fee status, and [ ] educational requesters are not required to forego all compensation."  Pl.'s Mem. at 12.  In response, the Department asserts that the plaintiff's tendered information "did not provide any detail, explanation, or assurances regarding to his planned use of the records or their relevance to his scholarship at the University of New Mexico."  Def.'s Opp'n at 2.  In reply, the plaintiff contends that he has "provided ample evidence of connections between the requests and his scholarly pursuits," Pl.'s Reply at 4.  The Court agrees with the plaintiff that he has adequately demonstrated his qualification as an educational institution requester under the FOIA.

To be categorized as an educational requester and be eligible for a fee waiver, the requester must be an "educational or noncommercial scientific institution, whose purpose is scholarly or scientific research[,]"and must not be seeking the records for "commercial use." 5 U.S.C. § 552(a)(4)(A)(ii)(II).  A student who requests documents and records under the FOIA qualifies as an educational institution requester and is entitled to reduced fees when "seek[ing] the information in connection with his or her role at the educational institution."  Sack, 823 F.3d at 693 (recognizing that student requests for FOIA waivers, if submitted as part of a student's scholarly activities, fall under the educational institution fee waiver categorization).

In order to conclude that a student has a sufficient scholarly purpose in connection with a FOIA request, "a government agency may seek some assurance[,]" that the student is, in fact, seeking the information "to further coursework or other school-sponsored activities."  Sack, 823 F.3d at 693.  A student may prove that a FOIA request is in furtherance of the student's scholarly

pursuit where a "FOIA request [is] submitted with . . . reasonable identification of status as an enrolled student in the school—together with a copy of a syllabus, a letter from a professor, or the like[.]"  Id.  So long as a "requester—whether teacher or student—[ ] seek[s] the information in connection with his or her role at the educational institution[,]" the requester may qualify as an educational institution for reduced fees purposes.  Id.  The District of Columbia Circuit has "caution[ed] agencies against requiring hard-to-obtain verifications that will have the practical effect of deterring or turning away otherwise valid student FOIA requests."  Id. (indicating that agencies should not demand difficult or extensive authentication for students to prove their scholarly connections with the requested FOIA records in order to receive a fee waiver).

The Department contends that the plaintiff failed to articulate any specific connection between his scholarly research and the requested FOIA records to prove that the requests are in furtherance of his education.  See Def.'s Mem. at 7.  Specifically, the Department asserts that the "[p]laintiff admitted that he was unable to articulate any nexus without first reviewing the documents."  Id. (citing Def.'s Mot., Exs. K–N).  In response, the plaintiff argues that "the record demonstrates that [he] seeks records that are reasonably related to his scholarly pursuits."  Pl.'s Mem. at 13.  The Court agrees with the plaintiff.

To prove his scholarly connection in relation to the five FOIA requests at issue in this case, the plaintiff provided various forms of documentation demonstrating his scholarly pursuits. For example, the plaintiff submitted a letter from a professor supporting the plaintiff's FOIA requests generally and confirming the areas of the plaintiff's research.  See Def.'s Mot., Ex. A at 14.[5]  Additionally, the plaintiff provided a copy of his curriculum vitae, as well as his

---

[5] As the professor explained:

(continued . . .)

dissertation proposal, to further connect his scholarly research to the requested FOIA records.

See id., Ex. A at 16–20, Ex. U at 202–03.  The Department insists that these submissions are too

vague to assist the agency in determining the plaintiff's true intentions with the requested

records, see Def.'s Opp'n at 4–5,  but these submissions are beyond sufficient to demonstrate the

plaintiff's qualification as an educational institution requester.  See Sack, 823 F.3d at 693 ("[A]

FOIA request submitted with a copy of a student ID or other reasonable identification of status as

an enrolled student in the school—together with a copy of a syllabus, a letter from a professor, or

the like—should suffice.").  The Department's argument is predicated on the fact that the letter

from the plaintiff's professor predates the records being currently requested.  See Def.'s Mem. at

3 ("[The p]laintiff also submitted a[] . . . letter from a professor at the University of New

Mexico[] dated six months prior to the FOIA requests at issue.").  However, because the plaintiff

had made—and continues to make—various FOIA requests pertaining to the areas of his PhD

research, the Court is not persuaded by the defendant's argument that a new, detailed letter from

a professor must relate to each and every individual FOIA request made in connection with the

plaintiff's broader educational endeavor as a PhD candidate.  Furthermore, the plaintiff's

curriculum vitae shows that he has researched, written an extensive number of articles, and

conducted many presentations about the anthropology and history of nuclear power.  See Def.'s

---

(. . . continued)

      This letter supports the dissertation research of [the plaintiff]. . . .  [His] dissertation research includes a substantial focus upon nuclear weapons history, government secrecy, and nuclear semiotics and practices. His research focus upon nuclear semiotics requires him to draw on a wide range of informational sources on a wide range of topics. In that regard, the Freedom of Information Act (FOIA) requests he has filed on these topics form an intrinsic aspect of the research for his PhD. Please facilitate his research. He is an excellent student whose work is meritorious.

Def.'s Mot., Ex. A at 14.

Mot., Ex. A at 16–20.  Thus, the plaintiff has provided ample evidence of how the current requests relate to his scholarly research.

Nevertheless, the Department argues that the plaintiff's "scholarly documents[,]" Def.'s Opp'n at 4, do not match what requesters have typically provided to qualify for educational institution fee waivers.  For example, the defendant suggests that the plaintiff should have, for example, "provided the connection between [his FOIA] request . . . to [his] scholarly mission by producing [numerous] prior scholarly institutional reports . . . on" areas similar to the FOIA records requested.  Def.'s Opp'n at 4.  However, in the case on which the Department relies, Long v. U.S. Department of Homeland Security, 113 F. Supp. 3d 100 (D.D.C. 2015), the requesters were two established professors who co-directed a research center with scholarly activity spanning over a period of at least nine years, see id. at 104–105.  To hold that the plaintiff must make that showing as a threshold requirement would be impractical, as individual PhD candidates or other less established, but nevertheless demonstrated, scholars cannot reasonably be expected to have the same publication history as two professors who co-directed a university research center.  Instead, considering the plaintiff's status as a current PhD candidate seeking documents with a potential nexus to his field of study, the Court concludes that the information provided by the plaintiff to prove this scholarly connection was sufficient.

Although not required, the Court also agrees with the plaintiff that his past categorizations as an educational institution requester in conjunction with other FOIA requests weigh in favor of his current qualification as an educational institution requester.  See Pl.'s Mem. at 15–17.  Certainly, when reviewing FOIA fee waiver requests, "[a]gencies must make an independent fee status determination for each request."  Long, 113 F. Supp. 3d 100, 108 (D.D.C. 2015).  And while "prior history is not necessarily dispositive because a requester's status can

change[,]" id. at 105, "established methodology and publication history" can be the basis for an agency's conclusion that the requester is intending to utilize the FOIA records for similar purposes as the requester used in the past.  Id.  For example, where an agency denies educational institution categorization to a requester with a recognized history of scholarly FOIA requests submitted to that agency, the Court may conclude that the agency erred by failing to, once again, grant an educational institution fee waiver if the agency "offer[s] nothing to suggest that [the requester] ha[s] altered [his] research methodology."  Id.  This is the case here.

The five FOIA requests at issue in this case are not the plaintiff's first FOIA fee waiver requests, and the plaintiff has previously been categorized as an educational institution requester "in connection with numerous FOIA requests until June 2019[.]"  Def.'s Mot., Ex. U at 211.  In June 2019, the NNSA first categorized the plaintiff as a commercial requester.  See id., Ex. U at 211.  However, "[g]iven [the plaintiff's] established methodology and publication history," it should have been a "logical conclusion" for the agency that the plaintiff intended to use the requested records for similar uses in the future, absent the agency "offer[ing] some[thing] to suggest that [the plaintiff] has altered [his] research methodology [or publication history] since the agency last granted [him] preferred requester status."  Long, 113 F. Supp. 3d at 105.  While the Department correctly points out that the plaintiff's past fee status categorizations are not dispositive for determining applicable fee waivers for future FOIA requests, see Def.'s Opp'n at 7–8, the plaintiff's past categorizations can be considered when an agency is deciding whether the same categorization is applicable to a later request, see Long, 113 F. Supp. 3d at 105.

Accordingly, the Court concludes that the plaintiff has more than sufficiently demonstrated that the requested FOIA records are connected to his scholarly research, and that

the plaintiff therefore qualifies as an educational institution requester.[6]  The Court further concludes that it need not assess whether the plaintiff also qualifies as a news media requester because qualifying as an educational institution requester is sufficient to establish the plaintiff's entitlement to a fee waiver,[7] assuming the records are not sought for a commercial purpose—an issue that the Court will now address.

**B.      Whether the Documents Requested by the Plaintiff Are Sought for a Commercial Use**

The Department contends that it properly categorized the plaintiff as a commercial requester "[b]ecause the documents that [he] submitted . . . showed [that] he had a commercial interest in the requested records[.]"  Def.'s Mem. at 13.  According to the Department, the "[p]laintiff admitted that he would place any records he received in response to his FOIA requests on his paid Patreon [webpage] in addition to including them in his []freely accessible[] archive, which also actively encouraged viewers to donate via Paypal or Patreon."  Id.  The Department asserts that because the "[p]laintiff's Patreon website charged membership fees ranging from $2 to $150 per month and imposed additional charges to access documents he receives in response to FOIA requests, earning him more than $1,800 per month[,]" id. (citing Perez Decl. ¶¶ 14, 18, 22, 26, 30, 33; Def.'s Mot., Ex. V at 2–7), he "falls squarely into the category of a commercial requester[,]" id.  In response, the plaintiff argues that "his alleged

---

[6] While the Court concludes that the plaintiff is appropriately categorized as an educational requester for the FOIA records that are the subject of this case, the defendant is correct that this does not entitle the plaintiff to a declaratory judgment classifying him as an educational requester for all future requests.  See Compl. at 10; Def.'s Mem. at 2 n. 3; Def.'s Opp'n at 8.  Any future FOIA fee waiver requests submitted by the plaintiff must be evaluated independently based on the circumstances that exist at the time.  See Long, 113 F. Supp. 3d at 108 (refusing to issue a declaratory judgment for future FOIA fee waiver requests as all fee status requests must be determined independently and noting that a requester may adjust their research or interests in the future).

[7] Under 5 U.S.C. § 552(a)(4)(A)(ii)(II), "fees [for a FOIA request] shall be limited to reasonable standard charges for document duplication when records are not sought for commercial use and the request is made by an educational or noncommercial scientific institution . . . or a representative of the news media[.]"  Id.  In sum, the charges for a FOIA request for either an educational institution requester or news media representative will be reduced to the same fees if a requester classifies as one—or both—of the classifications.

[]commercial interest[] does not meet the bar for disqualifying educational requesters from a favorable fee status determination."  Pl.'s Mem. at 17.  According to the plaintiff, "[h]e did not state an intent to publish any records on his Patreon, and, instead, only claimed that <u>if</u> such records were available on Patreon, they would also be available on the OSF Archive."  <u>Id.</u> at 18. The plaintiff also contends that his history of hosting FOIA-released records on free, publicly accessible domains "strongly suggests that [he] did not inten[d] to profit off [of] any records released" pursuant to the FOIA requests at issue in this case.  <u>Id.</u>  Moreover, the plaintiff asserts that "[e]ven if [he] did make some or all records received from the [Department] available on Patreon, this would not render him a commercial requester" because educational institution requesters need not give up all compensation when working within the scope of their educational endeavor.  <u>Id.</u> (citing <u>Campbell v. U.S. Dep't of Justice</u>, 164 F.3d 20, 35–36 (D.C. Cir. 1998)).

　　　To be granted an educational institution fee waiver, the intended use of the requested FOIA records must be for non-commercial purposes.  <u>See</u> 5 U.S.C. § 552(a)(4)(A)(i)(II). However, courts have recognized that profit may be "insufficient to render [a requester's] actions 'primarily . . . commercial' for purposes of calculating a fee waiver," <u>Campbell</u>, 164 F.3d at 35, and "so long as the request is made to further [a requester's] scholarly mission and not principally to enable [a requester] to sell the raw data to third parties[,]" <u>Long</u>, 113 F. Supp. 3d at 105, profits also acquired from the requested record "do[ ] not disqualify [a requester] from educational requester status[,]" <u>id.</u>  Accordingly, "[t]he fact that a bona fide scholar profits from his scholarly endeavors is insufficient to render his actions primarily . . . commercial for purposes of calculating a fee waiver[.]"  <u>Campbell</u>, 164 F.3d at 35 (internal quotation marks omitted).  Therefore, the "quasi-commercial nature of [a requester's] research [would be] irrelevant for purposes of calculating an appropriate fee waiver."  <u>Id.</u> at 36.

Although the plaintiff concedes that he does acquire profits from his Patreon posts, see Pl.'s Mem. at 18, he contends that his primary intention for the use of the records at issue is for scholarly purposes, see id. at 20.  "Congress did not intend for scholars . . . to forego compensation when acting within the scope of their professional roles[,]" Campbell, 164 F.3d at 35–36, and "the fact that [a requester] charges fees in order to produce and distribute [his] work does not render [his] interests 'primarily commercial[,]'" Consumers' Checkbook v. U.S. of Health and Hum. Servs., 502 F. Supp. 2d 79, 89 (D.D.C. 2007) (holding that a requester's commercial interest does not automatically disqualify fee waiver classification where the primary purpose outweighs the more minimal commercial interest).  While the Department argues that it could not determine the plaintiff's primary interests because he was unable to show his scholarly interest and future plans for the requested records, see Def.'s Opp'n at 9, this Court has already determined that the plaintiff did sufficiently show a nexus between the requested records and his scholarly intent for seeking the records, see supra Section III.A.  Therefore, the Court concludes that the plaintiff's potential earnings through his Patreon, assuming he does choose to post the records behind the barrier posed by that website's paid subscription, see Pl.'s Mem. at 18 (indicating that the plaintiff "did not state an intent to publish any records on his Patreon, only that if such records were available on Patreon, they would also be available on his [free online] archive"), does not constitute a primarily commercial interest that outweighs his scholarly intent as he endeavors to also post those records publicly for free on a different website, cf. Consumers' Checkbook, 502 F. Supp. 2d at 89.

Nevertheless, the Department also argues that simultaneously publishing the FOIA records on the plaintiff's free online archive website would not cure the commercial interest the plaintiff potentially would gain from posting the records on Patreon.  See Def.'s Mem. at 9.  The

Department suggests that to "cure his commercial interest[,]" id., the plaintiff would need to commit to posting the records received from the FOIA request solely on the free online archive website.  Id. at 9–10 (citing Liberman, 227 F. Supp. 3d at 5–8).  The Department additionally posits that even if the plaintiff were to represent that he would exclusively post the FOIA records on his free online archive website, the website includes a link to his Patreon webpage, which the Department considers amounts to advertisement.  Id.  The plaintiff responds that he has "disavowed any intention" to sell the data, see Pl.'s Reply at 10, and that any information from the FOIA records made available on his Patreon webpage would also be published for free on his online archive website, id.  The Court agrees with the plaintiff that he could not have made it clearer that his primary intention for use of the records is for scholarly purposes and that he has denied any intention to sell the records or provide them solely for viewers that must pay a fee for access, as would be required on the plaintiff's Patreon webpage.

Thus, the Court concludes that the potential marginal profit the plaintiff would acquire from his Patreon webpage, should he even choose to publish the FOIA records on his Patreon webpage, does not trump his scholarly intentions to utilize the records for his studies and his online dissemination of the records without cost to the public.  Having determined that the plaintiff qualifies as an educational institution requester, the Court must conclude that the Department improperly denied the plaintiff's fee waiver request, and summary judgment for the plaintiff on that request must be granted.

## IV.    CONCLUSION

For the foregoing reasons, the Court denies the Department's motion for summary judgment and grants in part and denies in part the plaintiff's motion for summary judgment.  The plaintiff's motion is granted to the extent he seeks a FOIA fee waiver as a non-commercial

educational requester as to the FOIA requests at issue.  The plaintiff's motion is denied in all other respects.

   **SO ORDERED** this 27th day of June, 2022.[8]

REGGIE B. WALTON
United States District Judge

---

[8] The Court will contemporaneously issue an Order consistent with this Memorandum Opinion.