UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MARTIN PFEIFFER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 20-2924 (RBW) |
| ) | |
| UNITED STATES DEPARTMENT ) | |
| OF ENERGY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

The plaintiff, Martin Pfeiffer, brings this civil action against the defendant, the United States Department of Energy (the "Department"), alleging a violation under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. See Complaint for Declaratory and Injunctive Relief ("Compl.") ¶ 1, ECF No. 1. On June 27, 2022, the Court denied the Department's motion for summary judgment and granted in part and denied in part the plaintiff's cross-motion for summary judgment. See Pfeiffer v. U.S. Dep't of Energy, No. 20-cv-2924 (RBW), 2022 WL 2304069, at *8 (D.D.C. June 27, 2022) (the "June 27, 2022 Memorandum Opinion"). Currently pending before the Court is the Defendant's Motion for Reconsideration ("Def.'s Mot." or "the Department's motion"), ECF No. 22. Upon careful consideration of the parties' submissions,[1] the Court concludes for the following reasons that it must deny the Department's motion.

---

[1] In addition to the filings already identified, the Court considered the following submissions in rendering its decision: (1) the Plaintiff's Opposition to Defendant's Motion for Reconsideration ("Pl.'s Opp'n"), ECF No. 24; and (2) the Defendant's Reply in Further Support of Defendant's Motion for Reconsideration ("Def.'s Reply"), ECF No. 26.

I. BACKGROUND

The Court previously discussed the factual background and statutory authority pertinent to this case in its June 27, 2022 Memorandum Opinion, see Pfeiffer, 2022 WL 2304069, at *1–3, and therefore will not reiterate those facts and authorities again here. The Court will, however, set forth the procedural background which is pertinent to the resolution of the pending motion for reconsideration.

In the Court's June 27, 2022 Memorandum Opinion, the Court denied the Department's motion for summary judgment on the plaintiff's petition for a waiver of fees under the FOIA and granted in part and denied in part the plaintiff's cross-motion for summary judgment. See id. at *8. First, the Court concluded that "the plaintiff [ ] qualifies as an educational institution requester" because he "has more than sufficiently demonstrated that the requested FOIA records are connected to his scholarly research[.]" Id. at *6. Second, the Court determined that "the potential marginal profit the plaintiff would acquire from his Patreon webpage, should he even choose to publish the FOIA records on his Patreon webpage, does not trump his scholarly intentions to utilize the records for his studies and his online dissemination of the records without cost to the public." Id. at *8. Accordingly, the Court "conclude[d] that the Department improperly denied the plaintiff's fee waiver request," id., and therefore granted the plaintiff's cross-motion, insofar as it sought summary judgment on the issue of his entitlement to a FOIA fee waiver as a non-commercial educational institution requester regarding the five FOIA requests at issue in this case, see id.

Because the Court concluded that the plaintiff qualifies as an educational institution FOIA requester, the Court refrained from "address[ing] the question of whether the plaintiff alternatively qualifies as a news media representative." Id. at *4 n.4. Furthermore, "[w]hile the

2

Court conclude[d] that the plaintiff is appropriately categorized as an educational [institution] requester for the FOIA records that are the subject of this case," the Court also noted that "this does not entitle the plaintiff to a declaratory judgment classifying him as an educational [institution] requester for all future requests[,]" id. at *6 n.6, as the plaintiff sought in his Complaint, see Compl. at 10.  Rather, as the Court explained, "[a]ny future FOIA fee waiver requests submitted by the plaintiff must be evaluated independently based on the circumstances that exist at the time."  Pfeiffer, 2022 WL 2304069, at *6 n.6.

On July 25, 2022, the Department filed its motion for reconsideration of the Court's June 27, 2022 Memorandum Opinion and Order pursuant to Rule 54(b), or alternatively Rule 59(e), of the Federal Rules of Civil Procedure.  See Def.'s Mot. at 1.  The plaintiff then filed his opposition on August 5, 2022, see Pl.'s Opp'n at 1, and the Department filed its reply in support of its motion on August 16, 2022, see Def.'s Reply at 1.

## II.     STANDARD OF REVIEW

**A.     Rule 54(b) Motion for Reconsideration**

Under Federal Rule of Civil Procedure 54(b), any order or decision that does not constitute a final judgment "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."  Fed. R. Civ. P. 54(b). Although "district court[s] ha[ve] 'broad discretion to hear a motion for reconsideration brought under Rule 54(b)[,]'" Univ. of Colo. Health at Mem'l Hosp. v. Burwell, 164 F. Supp. 3d 56, 62 (D.D.C. 2016) (quoting Isse v. Am. Univ., 544 F. Supp. 2d 25, 29 (D.D.C. 2008)), district courts grant motions for reconsideration of interlocutory orders only "as justice requires[,]" Capitol Sprinkler Inspection, Inc. v. Guest Servs., Inc., 630 F.3d 217, 227 (D.C. Cir. 2011) (quoting Greene v. Union Mut. Life Ins. Co. of Am., 764 F.2d 19, 22–23 (1st Cir. 1985)).

In determining whether "justice requires" reversal of a prior interlocutory order, courts assess circumstances such as "whether the court 'patently' misunderstood the parties, made a decision beyond the adversarial issues presented, made an error in failing to consider controlling decisions or data, or whether a controlling or significant change in the law has occurred." In Def. of Animals v. Nat'l Insts. of Health, 543 F. Supp. 2d 70, 75 (D.D.C. 2008) (quoting Singh v. George Wash. Univ., 383 F. Supp. 2d 99, 101 (D.D.C. 2005)); see Davis v. Joseph J. Magnolia, Inc., 893 F. Supp. 2d 165, 168 (D.D.C. 2012) ("[A] motion for reconsideration is discretionary and should not be granted unless the movant presents either newly discovered evidence or errors of law or fact that need correction."). "The burden is on the moving party to show that reconsideration is appropriate and that harm or injustice would result if reconsideration were denied." United States ex rel. Westrick v. Second Chance Body Armor, Inc., 893 F. Supp. 2d 258, 268 (D.D.C. 2012). And, motions for reconsideration are not vehicles for either reasserting arguments previously raised and rejected by the Court or presenting arguments that should have been raised previously with the Court. See Estate of Gaither ex rel. Gaither v. District of Columbia, 771 F. Supp. 2d 5, 10 & n.4 (D.D.C. 2011).

**B.      Rule 59(e) Motion for Reconsideration**

Federal Rule of Civil Procedure 59(e) permits a party to file "[a] motion to alter or amend a judgment" within "[twenty-eight] days after the entry of the judgment." Fed. R. Civ. P. 59(e). However, a Rule 59(e) motion "is not a second opportunity to present [an] argument upon which the Court has already ruled, nor is it a means to bring before the Court theories or arguments that could have been advanced earlier[,]" W.C. & A.N. Miller Cos. v. United States, 173 F.R.D. 1, 3 (D.D.C. 1997), and "need not be granted unless the [ ] [C]ourt finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or

4

prevent manifest injustice[,]" Anyanwutaku v. Moore, 151 F.3d 1053, 1057–58 (D.C. Cir. 1998) (internal quotation marks omitted).  Although motions under Rule 59(e) "lie within the discretion of the Court[,]" AARP v. U.S. Equal Emp't Opportunity Comm'n, 292 F. Supp. 3d 238, 241 (D.D.C. 2017) (citing Ciralsky v. Cent. Intel. Agency, 355 F.3d 661, 671 (D.C. Cir. 2004)), such motions are "disfavored[,]" and the moving party bears the burden of establishing "extraordinary circumstances" warranting relief from a final judgment, Niedermeier v. Off. of Baucus, 153 F. Supp. 2d 23, 28 (D.D.C. 2001) (citing Anyanwutaku, 151 F.3d at 1057).

### III.  ANALYSIS

The Department requests that the Court reconsider its June 27, 2022 Memorandum Opinion "[p]ursuant to Rule 54(b) or, alternatively, Rule 59[(e)] of [the] Federal Rules of Civil Procedure[.]"  Def.'s Mot. at 1.  The Court will first address the appropriate standard for evaluating the Department's motion, before considering the merits of the Department's arguments for reconsideration.

### A.  The Applicable Standard for Considering the Department's Motion for Reconsideration

As an initial matter, the Court must decide whether the Department's motion for reconsideration is appropriately considered under Rule 54(b) or Rule 59(e).  In its motion, the Department notes that, "[i]n the Order that accompanied the [June 27, 2022] Memorandum Opinion, the Court did not specify whether it was a final appealable order[.]"  Id. at 3.  The Department states that, "if the Order was an interlocutory one, [the Department] seeks reconsideration under Rule 54(b).  Alternatively, if the Court intended the Order to be a final one, [the Department] seeks reconsideration under Rule 59(e)."  Id.  Although the parties agree that the Court should apply the Rule 54(b) standard, see Pl.'s Opp'n at 2 ("[T]o avoid confusion and unnecessary litigation, [the p]laintiff respectfully suggests that the Court apply the 'more

5

flexible' Rule 54(b) standard." (quoting Cobell v. Jewell, 802 F.3d 12, 25 (D.C. Cir. 2015))); Def.'s Reply at 2 ("[The Department] joins in [the p]laintiff's suggestion that the [m]otion for [r]econsideration should be analyzed under Rule 54(b), which provides for a more flexible standard."), the Court concludes for the following reasons that Rule 59(e) provides the appropriate standard in light of the current status of the proceedings in this case.

Under Rule 54(b), any order or decision that does not constitute a final judgment "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."  Fed. R. Civ. P. 54(b).  The Court's June 27, 2022 Order, which the Court issued contemporaneously with its June 27, 2022 Memorandum Opinion, denied the Department's motion for summary judgment and granted the plaintiff's cross-motion, "insofar as it s[ought] summary judgment on the issue of his entitlement to a FOIA fee waiver as a non-commercial educational [institution] requester as to the [five] FOIA requests at issue[,]" in this case, Order at 1 (June 27, 2022), ECF No. 18, thus resolving the merits of the plaintiff's claim that the Department violated the FOIA "by assessing search and review fees against him[,]" Compl. ¶ 34.  Due to an inadvertent oversight, the Court's June 27, 2022 Order did not enter judgment for the plaintiff as to this claim.  See generally Order (June 27, 2022), ECF No. 18.  However, on June 1, 2023, the Court modified its June 27, 2022 Order by entering judgment for the plaintiff on his claim that he is entitled to a FOIA fee waiver as a non-commercial educational institution requester with respect to the five FOIA requests at issue in this case.  See Order at 1 (June 1, 2023), ECF No. 31.  Thus, the Court construes the plaintiff's motion for reconsideration under Rule 59(e).  See Fed. R. Civ. P. 59(e).

### B.     Whether Reconsideration is Warranted Under Rule 59(e)

Having concluded that the Department's motion is properly evaluated under the Rule 59(e) standard, the Court will now consider whether reconsideration is warranted.  The Department urges the Court to reconsider its June 27, 2022 Memorandum Opinion and Order "to avoid manifest injustice[,]" Def.'s Mot. at 1, and because it claims "the Court committed a clear error[,]" Def.'s Reply at 7.  Specifically, the Department contends that reconsideration is required because the Memorandum Opinion (1) "neglected to analyze each of [the p]laintiff's five FOIA requests separately to ascertain whether each request has a nexus to [the p]laintiff's scholarly research[,]" Def.'s Mot. at 5; and (2) failed to explain how the "[p]laintiff's income of approximately $1,800 per month, totaling $21,600 per annum, that he generates from his Patreon website was 'marginal profit,' not sufficient to categorize him as a commercial requester[,]" id. at 1.  The Department "requests that the Court revise its Memorandum Opinion to find that [the p]laintiff does not qualify for a fee waiver for his second, third[,] and fourth FOIA requests in this case because they do not relate to his claimed scholarly work[;]" to "clarify how (if at all) [the p]laintiff's first and fifth FOIA requests pertain to his areas of research[;]" and "to find that [the p]laintiff is a commercial requester because his revenues of approximately $21,600 per annum generated from the requested records from his five FOIA requests are not 'marginal profit' by any objective standard."  Id. at 11.

In opposition, the plaintiff argues that "[t]he Court's June 27, 2022 Memorandum Opinion . . . more than adequately explains the basis for holding that [the p]laintiff qualifies as a non-commercial educational [institution] requester under the [FOIA.]"  Pl.'s Opp'n at 1.  The plaintiff further asserts that the Department "fails to state a basis for revising the June 27, 2022 Memorandum Opinion" because the Department "does not cite new or previously unconsidered

7

law or point to any new information that was not before the Court on the cross-motions for summary judgment." Id. at 3.  The plaintiff contends that the Department instead "asks the [C]ourt to reapply the same law to the same facts and reach a different conclusion."  Id.

Because the Department does not rely on an "intervening change of controlling law" or "the availability of new evidence," Anyanwutaku, 151 F.3d at 1057 (internal quotation marks omitted), as grounds for reconsideration, see generally Def.'s Mot.; Def.'s Reply, the Court will confine its Rule 59(e) analysis to the question of whether it needs to "correct a clear error or prevent manifest injustice[,]" Anyanwutaku, 151 F.3d at 1058 (internal quotation marks omitted).  See id. at 1057–58 (stating that Rule 59(e) motions "need not be granted unless the [ ] [C]ourt finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice").

With respect to what amounts to "clear error" under Rule 59(e), courts have imposed a "very exacting standard."  Bond v. U.S. Dep't of Justice, 286 F.R.D. 16, 22 (D.D.C. 2012) (quoting Lightfoot v. District of Columbia, 355 F. Supp. 2d 414, 422 (D.D.C. 2005)).  To qualify as clear error, the "final judgment must be 'dead wrong[.]'"  Lardner v. Fed. Bureau of Investigation, 875 F. Supp. 2d 49, 53 (D.D.C. 2012) (quoting Parts & Elec. Motors, Inc. v. Sterling Elec., Inc., 866 F.2d 228, 233 (7th Cir. 1988)); see also Smith v. Lynch, 115 F. Supp. 3d 5, 12 (D.D.C. 2015) ("[T]o be clearly erroneous, a decision must strike [a court] as more than just maybe or probably wrong; it must . . . strike [the court] as wrong with the force of a five-week-old, unrefrigerated dead fish.'" (quoting Parts & Elec. Motors, 866 F.2d at 233) (second and third alterations in original)).  Thus, "[m]ere disagreement does not support a Rule 59(e) motion."  Smith, 115 F. Supp. 3d at 12 (internal quotation marks omitted) (alteration in original).  Similarly, "it is clear that 'manifest injustice' is an exceptionally narrow concept in

the context of a Rule 59(e) motion[,]" Slate v. Am. Broad. Cos., 12 F. Supp. 3d 30, 35 (D.D.C. 2013), and "must entail more than just a clear and certain prejudice to the moving party, but also a result that is fundamentally unfair in light of governing law[,]" id. at 35–36.

The Court will first address the Department's argument that the Court neglected to analyze each of the plaintiff's five FOIA requests separately, before addressing the Department's argument that the Court failed to explain how the plaintiff's income from his Patreon website is insufficient to categorize him as a commercial requester.

1. **The Department's Argument That the Court Did Not Explain How Each of the Plaintiff's FOIA Requests Relate to His Scholarly Research**

The Court begins with the Department's argument that "the Court committed a clear error when it failed to explain how each of the five FOIA requests pertains to [the p]laintiff's scholarly research." Def.'s Reply at 7. The Department argues that the Court's June 27, 2022 Memorandum Opinion is "legally contradictory[,]" Def.'s Mot. at 6, because, in the opinion, the Court concluded that "'the plaintiff did sufficiently show a nexus between the requested records and his scholarly intent for seeking the records[,]'" id. (quoting Pfeiffer, 2022 WL 2304069, at *7 (emphasis in original)), without "evaluat[ing] each of [the p]laintiff's five [FOIA] requests individually when determining [the p]laintiff's fee category[,]" id. The Department alleges that, "had the Memorandum Opinion faithfully observed the legal principles articulated on this issue, the Court would have found that at least three of [the p]laintiff's five FOIA requests do not appear to be related to [the p]laintiff's scholarly research on anthropology and history of nuclear power." Id.

As the plaintiff correctly notes, the Department's argument that "[the] FOIA requests at issue are unrelated to [the p]laintiff's research was squarely before the Court on summary judgment[,]" Pl.'s Opp'n at 4; see Pfeiffer, 2022 WL 2304069, at *4–5 (evaluating the

9

Department's argument that the plaintiff failed to articulate any specific connection between his scholarly research and the requested FOIA records), and "[t]o the extent [the Department] rehashes this argument, the Court need not entertain [the Department's] motion[,]" Pl.'s Opp'n at 4; see Bigwood v. Def. Intel. Agency, 770 F. Supp. 2d 315, 317 (D.D.C. 2011) ("[A] Rule 59(e) motion to reconsider is not simply an opportunity to reargue facts and theories upon which a court has already ruled[.]" (quoting New York v. United States, 880 F. Supp. 37, 38 (D.D.C. 1995))).

The Department's only new contention is that the Court erred by failing to analyze each FOIA request individually. See Def.'s Mot. at 6. In support of this argument, the Department points to the Court's observation in the June 27, 2022 Memorandum Opinion that, "when reviewing FOIA fee waiver requests, '[a]gencies must make an independent fee status determination for each request.'" Pfeiffer, 2022 WL 2304069, at *6 (quoting Long v. U.S. Dep't of Homeland Sec., 113 F. Supp. 3d 100, 108 (D.D.C. 2015)). See Def.'s Mot. at 5. The Department concedes that "the Memorandum Opinion cited the correct cases that discussed educational institution requestors," Def.'s Reply at 3, including the decision of another member of this Court in Long and the District of Columbia Circuit's decision in Sack v. United States Department of Defense, 823 F.3d 687 (D.C. Cir. 2016), but the Department argues that the Court "improperly applied th[e] standards" set forth in those cases, Def.'s Reply at 3. While it is true that "[a]gencies must make an independent fee status determination for each request[,]" Long, 113 F. Supp. 3d at 108, the Court need not individually analyze each of the FOIA requests that comprise a batch of requests for different records and documents as the Department argues, see Def.'s Mot. at 5 ("Even with the[] legal precepts [from Long] in mind, the Memorandum Opinion nevertheless neglected to analyze each of [the p]laintiff's five FOIA requests

10

separately[.]"). See Sack, 823 F.3d at 689 (concluding that an individual who submitted multiple FOIA requests was entitled to educational institution requester status with respect to a "batch of [her] requests" without analyzing each request separately).[2] Rather, the requirement that "[a]gencies [ ] make an independent fee status determination for each request[,]" Long, 113 F. Supp. 3d at 108, precludes the Court from concluding that a FOIA requester is entitled to a preferred fee status for all future FOIA requests merely because the requester has been granted preferred fee status for previous requests. See Long, 113 F. Supp. 3d at 108 (declining to issue a declaratory judgment in favor of frequent FOIA requesters who sought a declaration that they were entitled to educational and news media status for all future requests).

As the Court explained in its June 27, 2022 Memorandum Opinion, see Pfeiffer, 2022 WL 2304069, at *4, "a government agency may seek some assurance that the student is submitting the FOIA request to further coursework or other school-sponsored activities[,]" Sack, 823 F.3d at 693.  But, the District of Columbia Circuit has "caution[ed] agencies against requiring hard-to-obtain verifications that will have the practical effect of deterring or turning away otherwise valid student FOIA requests."  Id.  Here, as this Court has already determined, "the plaintiff [ ] provided ample evidence of how the current requests relate to his scholarly research[,]" including "a letter from a professor supporting the plaintiff's FOIA requests

---

[2] The Department attempts to distinguish what another member of this Court characterized as "batch . . . requests" in Sack from the plaintiff's FOIA requests in this case.  See Def.'s Reply at 4 ("[T]he 'batch' requests in Sack dealt with one specific topic, reports on polygraph examinations, and the [C]ourt analyzed whether those requested reports related to [the] plaintiff's dissertation on bias in polygraph testing[,]" whereas "[h]ere, [the p]laintiff submitted five different requests on five entirely separate subjects[.]").  In Sack, the educational institution requester sought "Department[ of Defense] reports about its use of polygraph examinations, as well as related documents about those examinations[,]" for use in "her dissertation on polygraph bias."  Sack, 823 F.3d at 688.  However, the mere fact that the plaintiff's dissertation research may be broader in scope than the educational institution requester's dissertation research on polygraph testing in Sack, see Compl. ¶ 7 (stating that the plaintiff's dissertation research "focuses on, but extends beyond, nuclear semiotics across time and locations, nuclear weapon history, the social effects of information management, and social processes of meaning[-]making and circulation at official nuclear weapon heritage sites"), does not amount to the plaintiff's failure to "seek the information in connection with his . . . role at the educational institution[,]" Sack, 823 F.3d at 693, i.e., for the purpose of pursuing his scholarly research on the history and anthropology of nuclear weapons, see Pl.'s Opp'n at 5.

11

generally and confirming the areas of the plaintiff's research[,]" and "a copy of his curriculum vitae, as well as his dissertation proposal, to further connect his scholarly research to the requested FOIA records."  Pfeiffer, 2022 WL 2304069, at *5; see Sack, 823 F.3d at 693 ("[A] FOIA request submitted with a copy of a student ID or other reasonable identification of status as an enrolled student in the school—together with a copy of a syllabus, a letter from a professor, or the like—should suffice.").  While the Department may disagree with the Court's conclusion, "[m]ere disagreement" is insufficient to support a Rule 59(e) motion.  Smith, 115 F. Supp. 3d at 12 (citation and internal quotation marks omitted).

Thus, the Court concludes that the Department has failed to meet its burden to show clear error or manifest injustice.  See Niedermeier, 153 F. Supp. 2d at 28 (stating that "relief from judgment is granted [under Rule 59(e)] only when the moving party establishes extraordinary circumstances[,]" such as clear error or manifest injustice).  Because the Department has not demonstrated that the June 27, 2022 Memorandum Opinion is "dead wrong[,]" Lardner, 875 F. Supp. 2d at 53 (internal quotation marks omitted), or "fundamentally unfair in light of governing law[,]" Slate, 12 F. Supp. 3d at 36, the Court concludes that reconsideration under Rule 59(e) is not warranted based on the Department's argument that the Court neglected to analyze each of the plaintiff's FOIA requests separately.

### 2. The Department's Argument That the Court Failed to Explain How the Plaintiff's Patreon Income Is Insufficient to Categorize Him as a Commercial Requester

The Court now turns to the Department's argument that "the Court should revise its [June 27, 2022] Memorandum Opinion to hold that [the p]laintiff's five FOIA requests were intended for commercial reasons."  Def.'s Mot. at 10.  First, the Department asserts that "the Memorandum Opinion does not cite a single authority to support the conclusion that [the p]laintiff's revenue [from his Patreon webpage] of approximately $1,800 per month (which totals

about $21,600 per year) is considered 'marginal profit.'" Id. at 9.  Second, the Department argues that, despite the lack of "an apparent nexus between [ ] three [of the] FOIA requests and [the p]laintiff's scholarly research," id. at 10, "the Memorandum Opinion casts aside [the Department's] contentions that [the p]laintiff's five FOIA requests were intended for commercial purposes by noting that, so long as the requests are in furtherance of his scholarly research, the quasi-commercial nature of these requests is irrelevant[,]" id. (internal quotation marks omitted). The Department suggests that the Memorandum Opinion was clearly erroneous, see id. (stating that the Department "submits that the authorities cited in the Memorandum Opinion do not suggest that [the p]laintiff's $21,600 annual revenues constitute 'marginal profit'"), and it argues that the opinion should be reconsidered "to avoid a manifest injustice[,]" Def.'s Reply at 1.

Beginning with the Department's marginal profit argument, the Court's June 27, 2022 Memorandum Opinion concluded that "the potential marginal profit the plaintiff would acquire from his Patreon webpage, should he even choose to publish the FOIA records on his Patreon webpage, does not trump his scholarly intentions to utilize the records for his studies and his online dissemination of the records without cost to the public." Pfeiffer, 2022 WL 2304069, at *8.  As the Court explained,

> courts have recognized that profit may be "insufficient to render [a requester's] actions 'primarily . . . commercial' for purposes of calculating a fee waiver," Campbell[ v. U.S. Dep't of Just.], 164 F.3d [20,] [] 35 [(D.C. Cir. 1998)], and "so long as the request is made to further [a requester's] scholarly mission and not principally to enable [a requester] to sell the raw data to third parties[,]" Long, 113 F. Supp. 3d at 105, profits also acquired from the requested record "do[] not disqualify [a requester] from educational [institution] requester status[,]" id.

Pfeiffer, 2022 WL 2304069, at *7 (first, sixth, seventh, eighth, ninth, tenth, and twelfth alterations in original).

13

Here, it is not clear that any amount of the plaintiff's monthly Patreon profits would be derived from the FOIA records at issue in this case. See id. (noting that the plaintiff "did not state an intent to publish any records on his Patreon, and, instead, only claimed that if such records were available on Patreon, they would also be available on the [Open Science Framework ("]OSF[")] Archive" (emphasis in original) (internal citation omitted)); Pl.'s Opp'n at 7 (stating that the Department "provides no basis for inferring that any amount, let alone a substantial portion, of [the p]laintiff's $1,800 per month Patreon income is attributable to posting records obtained via [the] FOIA, especially when those records are available for free on [the p]laintiff's own archive"). Thus, the Department's claim that "the Court should reassess its Memorandum Opinion to find that [the p]laintiff is a commercial requester because his revenues of approximately $21,600 per annum generated from the requested records from his five FOIA requests are not 'marginal profit' by any objective standard[,]" Def.'s Mot. at 11, is not necessarily accurate because the per annum revenue the plaintiff earns from his Patreon is not necessarily generated from the acquisition of the requested documents at issue in this case, see id. at 1 (stating that the plaintiff generates "approximately $1,800 per month . . . from his Patreon website"); Pfeiffer, 2022 WL 2304069, at *7 (highlighting the fact that the plaintiff "did not state an intent to publish any records on his Patreon," but "only claimed that if such records were available on Patreon, they would also be available [for free] on the OSF Archive" (emphasis in original) (internal citation omitted)).

Although the Department acknowledges the legal principle cited by the Court in the June 27, 2022 Memorandum Opinion that "profit alone is insufficient to render a requester's action primarily commercial so long as the requested records are in furtherance of the scholar's mission[,]" Def.'s Mot. at 9, the Department focuses on the fact that the Court did not provide a

definition of the term "marginal profit[,]" see id. at 9–10 ("[T]he Memorandum Opinion fails to define what constitutes 'marginal profit' for purposes of determining whether a particular FOIA request was for primarily commercial functions."). However, the Court's use of the term "marginal profit" in the June 27, 2022 Memorandum Opinion is derived from the legal principle in Long that "so long as the request is made to further [a requester's] scholarly mission and not principally to enable [a requester] to sell the raw data to third parties[,]" profits also acquired from the requested record "do[] not disqualify [a requester] from educational [institution] requester status." Long, 113 F. Supp. 3d at 105. As the Court previously explained, the plaintiff's potential earnings from posting the requested FOIA records on his Patreon do not "constitute a primarily commercial interest that outweighs his scholarly intent[,]" as reflected by the fact that the plaintiff would "also post those records publicly for free on a different website[.]" Pfeiffer, 2022 WL 2304069, at *7. The Department has therefore not demonstrated that the Court's conclusion is clearly erroneous based on the relevant case law or that a manifest injustice would result if the opinion is not reconsidered. See Anyanwutaku, 151 F.3d at 1057–58 ("Rule 59(e) motions need not be granted unless the district court finds that there is[, inter alia,] . . . the need to correct a clear error or prevent manifest injustice." (internal quotation marks omitted)).

Turning to the Department's second argument regarding the plaintiff's fee status classification—i.e., that the plaintiff's scholarly intentions are not "sufficiently linked to his requests[,]" to categorize him as an educational institution requester, Def.'s Reply at 8; see also Def.'s Mot. at 10 ("Because there lacks an apparent nexus between [ ] three FOIA requests and [the p]laintiff's scholarly research, the logical conclusion is that [the p]laintiff sought the record[s] for primarily commercial purposes and not in furtherance of any academic

15

coursework.")—the Court concludes that this argument has already been addressed.  In the June 27, 2022 Memorandum Opinion, the Court stated that,

> [w]hile the Department argues that it could not determine the plaintiff's primary interests because he was unable to show his scholarly interest and future plans for the requested records, this Court has [ ] determined that the plaintiff did sufficiently show a nexus between the requested records and his scholarly intent for seeking the records[.]

Pfeiffer, 2022 WL 2304069, at *7 (internal citations omitted) (emphasis in original).  Thus, over the Department's objection, the Court concluded that "the plaintiff . . . could not have made it clearer that his primary intention for use of the records is for scholarly purposes[.]"  Id. at *8.  Therefore, the Court need not entertain the Department's attempt to reargue this issue.  See W.C. & A.N. Miller Cos., 173 F.R.D. at 3 ("A Rule 59(e) motion is not a second opportunity to present [an] argument upon which the Court has already ruled[.]"); Swedish Am. Hosp. v. Sebelius, 845 F. Supp. 2d 245, 251 (D.D.C. 2012) (declining to entertain a party's argument for reconsideration pursuant to Rule 59(e) "[b]ecause the [party] ha[d] already raised th[e] issue before th[e] court").

Accordingly, the Court concludes that the Department has failed to satisfy its burden to demonstrate clear error or manifest injustice warranting relief from the June 27, 2022 Memorandum Opinion, see Niedermeier, 153 F. Supp. 2d at 28 (stating that "relief from judgment is granted [under Rule 59(e)] only when the moving party establishes extraordinary circumstances[,]" such as clear error or manifest injustice), based on its argument that the Court failed to explain how the income generated from the plaintiff's Patreon is insufficient to categorize him as a commercial requester.

Because the Department has not identified any intervening change of controlling law or new evidence, demonstrated a clear error that needs correction, or shown that the Court's prior

ruling amounts to manifest injustice if unchanged, see Anyanwutaku, 151 F.3d at 1057–58, the Court must therefore deny the Department's motion for reconsideration.

## IV.     CONCLUSION

For the foregoing reasons, the Court concludes that it must deny the Department's motion for reconsideration.

**SO ORDERED** this 7th day of July, 2023.[3]

REGGIE B. WALTON<br>
United States District Judge

---

[3] The Court will contemporaneously issue an Order consistent with this Memorandum Opinion.